[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were divorced on November 16, 1990. Kaplan, J. found that the child of the marriage, Satyam Desai, age 5, shall be subject, to joint custody, with physical residency with the father.
On July 24, 1991 the mother moved for "immediate legal and physical custody" of her son. After a hearing, Kaplan, J. granted the mother temporary sole custody of the child. A further hearing was held on 30 September, 1991. At the hearing the mother moved for a change of custody. An attorney for the minor child was appointed and reported to the Court. CT Page 8575
The evidence shows that the mother has had a steady job at the Post Office for over three years. That the mother was having trouble with normal visitations due to the father's denials of access. That there was a legitimate concern that the father, if he had been allowed to take the child to India, that he would have remained there with the child. That the mother has taken care of the child since she was given custody by the court, and she has enrolled him in school where she lives and has provided for babysitter while working.
Counsel for the child recommended that the order of joint custody remain in effect, but that physical custody be changed to the mother.
This court agrees and finds that the best interest of the child requires that he live with the mother. While there isn't a major change of circumstances, taking the evidence as a whole, there has been material change enough to justify the court order. Joint custody to both parties with physical custody with the mother. The father shall have visitation from Friday night at 7:30 p. m. until he drops the child off at school on Monday at school time. It is further ordered by the court that neither party remove the child from the State of Connecticut, for any reason, without permission of the court.
Based upon the change of custody, the court vacates the order of the plaintiff to pay defendant $74.00 per week for support. Since the defendant earns only $100.00 per week the court will not enter an order of child support. However, the defendant is to notify the plaintiff once he begins a full-time job or earns more than $135.00 per week.
NORKO, J.